IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| [UN NAMED],<br><br>                Plaintiff,<br><br>vs.<br><br>[UN NAMED],<br><br>                Defendant. | MC 19-6-M-DWM-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

On May 22, 2019, the pro se Plaintiff initiated this miscellaneous civil action by filing a Notice of Appearance as a Third Party Interest and paying the $47 filing fee. Because the Plaintiff is proceeding pro se, the Court must construe the pleading liberally and hold it to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). See also *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

The Notice of Appearance is signed by Kinkade, suzanne-marie in her stated capacity as General Executor of SMK Trust, but does not identify any parties to the action. The Plaintiff and Defendant are identified only as [UN NAMED] on the face of the pleading. Kinkade states that on April 4, 2019, a Notice of Trustee's Sale "was taped to a door on the property" but does not identify the property. She claims "there has been a mistake" but does not identify any claims, any plaintiffs,

1

or any defendants. Kinkade expressly states that she "is not here to defend anybody or anything." Kinkade claims the United States is a "secured party creditor" and that she "come[s] in protection and defense of the United States that gives me safe harbor" but provides no factual or legal theory for doing so.

In federal court, a plaintiff's pleading must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They posses only that power authorized by Constitution and statute[.] … It is to be presumed that a cause lies outside this limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden of establishing jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.3d 911, 912 (9th Cir. 1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3).

Federal courts are obligated to independently examine their own jurisdiction, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 331 (1990), and may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54, (9th Cir. 1995).

of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and § 1346).

Sections 1345 and 1346 are not applicable in this case because the United States is not a party. Although the United States is mentioned in the text of the Notice of Appearance, the pleading does not identify the United States – or anyone else for that matter – as a party.

Federal question jurisdiction requires that a plaintiff's civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Notice of Appearance does not set forth any basis for federal question jurisdiction under 28 U.S.C. § 1331. It does not plead any cause of action arising under the United States Constitution or the laws or treaties of the United States, and does not invoke any federal law that would provide a basis for jurisdiction.

Alternatively, the district courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000" and the civil action is between citizens of different states. 28 U.S.C § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Diversity jurisdiction requires complete diversity between the plaintiffs and each defendant. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)).

The plaintiff must be a citizen of a different state than each of the defendants, and those facts must be affirmatively pled in the complaint. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Here, the Notice of Appearance does not identify any parties at all, much less contain any allegations of diverse citizenship as required to establish jurisdiction.

In sum, the Notice of Pleading does not allege any factual or legal basis for this Court's jurisdiction. Given the nature of the allegations in the Notice of Pleading, the Court finds the jurisdictional deficiencies identified above could not be cured by pleading additional facts or claims. Accordingly,

IT IS RECOMMENDED that this action be DISMISSED for lack of jurisdiction. Pursuant to 28 U.S.C. § 636(b), within fourteen days after being served with a copy of these Findings and Recommendation, any may file written objections to this recommendation of dismissal.

DATED this 21st day of June, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge